O

JS - 6

CC: order, docket, remand letter to
Los Angeles Superior Court, No. BC 475650

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK WILLIAMS, | ) | Case No. CV 12-01184 DDP (FFMx) |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| | ) | **TO DISMISS AND GRANTING** |
| v. | ) | **PLAINTIFF'S REQUEST TO REMAND** |
| | ) | |
| HOLLYWOOD PARK RACING | ) | [docket number 7] |
| ASSOCIATION LLC, DOES 1-20 | ) | |
| | ) | |
| Defendants. | ) | |

_____

Presently before the court is Defendant Hollywood Park Racing Association LLC's Motion to Dismiss ("Motion"). Having reviewed the parties' moving papers, the court denies Defendant's Motion, grants Plaintiff's request to remand the matter to state court, and adopts the following Order.

**I.   BACKGROUND**

Plaintiff Derrick Williams originally filed this action against Defendant Hollywood Park Racing Association LLC in California state court. Plaintiff's Complaint alleges state law claims for retaliation, wrongful termination, and intentional infliction of emotion distress ("IIED"). Defendant removed the

1    action to federal court on February 10, 2012, and filed this Motion

2    to Dismiss on February 17, 2012.  In its Motion, Defendant argues

3    that Plaintiff's claims are preempted by: 1) National Labor

4    Relations Act ("NLRA") sections 7 and 8(a)(1), 29 U.S.C. §§ 157 &

5    158(a)(1); and 2) Labor-Management Relations Act ("LMRA") section

6    301, 29 U.S.C. § 185.  In response, Plaintiff contends that his

7    state law claims are not preempted, and asks the court to remand

8    this action to California state court.

9    **II.  DISCUSSION**

10       **A.   NLRA Preemption**

11       As Defendant explains, an action based on conduct "arguably

12   subject" to NLRA sections 7 or 8(a)(1) is "both preempted and falls

13   within the exclusive jurisdiction of the [National Labor Relations

14   Board]."  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1397 (9th

15   Cir. 1988).  This NLRA preemption is commonly known as Garmon

16   preemption, referring to the seminal Supreme Court decision.  See

17   San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959).

18   Defendant fails to note, however, the Ninth Circuit's express

19   holding that "state law actions claimed to be preempted by sections

20   7 and 8 of the NLRA are not removable to federal court."  Ethridge,

21   861 F.2d at 1400.  Rather, because federal courts lack original

22   jurisdiction over such actions, the "question of Garmon-preemption

23   must be decided in the first instance by the state courts."  Id. at

24   1405.  Accordingly, the court lacks jurisdiction to decide the

25   alleged Garmon preemption of Plaintiff's state law claims.[1]

26   ///

27

28       [1]  The court notes, however, that this action does not appear
     to involve conduct subject to Garmon preemption.

**B.   LMRA Preemption**

Defendant also argues that LMRA section 301 preempts Plaintiff's state law claims.  Unlike with <u>Garmon</u> preemption, "actions under section 301 of the LMRA are removable to federal district courts." <u>Ethridge</u>, 861 F.2d at 1397.  LMRA section 301 "preempts claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." <u>Paige v. Henry J. Kaiser Co.</u>, 826 F.2d 857, 861 (9th Cir. 1987) (citing <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 394 (1987)).  Section 301 does not, however, preempt state law rights that exist independent of a labor contract.  <u>See</u> <u>Paige</u>, 826 F.2d at 863.

Here, Plaintiff alleges that Defendant unlawfully retaliated against him for reporting to management certain "work-related circumstances that Plaintiff felt were wrong and probably illegal." (Compl. at 2.)  Specifically, Plaintiff claims that he reported Defendant's: 1) issuing of arbitrary cash fines to certain immigrant employees; 2) provision of inadequate security at events, resulting in serious violence; and 3) failure to provide required uniforms.  Plaintiff claims that Defendant then retaliated against him through various adverse employment actions, including pay decreases, shift changes, and Plaintiff's ultimate termination. (<u>Id.</u> at 2-6.)  Plaintiff therefore filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), stating that Defendant terminated him in retaliation for "speaking with fellow employees regarding safety concerns and what [he] believe[d] was illegal activity, then video taping an unsafe incident." (<u>Id.</u> ¶ 25 & Ex. 1.)

3

1    The legal basis for each of Plaintiff's claims is not entirely
2    clear.  For his "first cause of action for retaliation," Plaintiff
3    cites to <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028 (2006),
4    and California's Fair Employment and Housing Act ("FEHA"), Cal.
5    Gov. Code § 12940(h).  (Compl. ¶¶ 9-10.)  For his wrongful
6    termination cause of action, Plaintiff contends that his
7    "termination was pretext in violation of public policy," FEHA, and
8    "the implied or express covenant of continued employment." (<u>Id.</u> ¶
9    26.)  Plaintiff further states that he "was in the protected class
10   of persons who engaged in protected activities, contemplated by
11   [FEHA]," and "was harassed for reporting and complaining against
12   wrongful conduct." (<u>Id.</u> ¶ 18.)  Last, for his IIED cause of
13   action, Plaintiff claims generally that Defendant's conduct caused
14   him "severe emotional distress." (<u>Id.</u> ¶ 33.)

15       Despite some lack of clarity, the court finds that Plaintiff's
16   Complaint asserts genuine claims for retaliation, wrongful
17   termination, and IIED, based on state law rights that exist
18   independent of any collective bargaining agreement.  Reading the
19   alleged facts as a whole, Plaintiff claims that he was retaliated
20   against for reporting unsafe working conditions and potentially
21   illegal conduct, including serious violence due to inadequate
22   security and possible discrimination against immigrant workers.
23   California law provides nonnegotiable protections against such
24   retaliation, and courts have therefore found similar claims not
25   preempted by federal labor law.  <u>See Paige</u>, 862 F.3d at 863 ("[T]he
26   tort of wrongful discharge in violation of public policy exists
27   independent of any contractual right."); <u>Emrick v. Fujitec Am.,</u>
28   <u>Inc.</u>, No. C-04-04514, 2005 WL 162235, at *4 (N.D. Cal. Jan. 24,

2005) ("Plaintiff's wrongful termination claim rests upon California Government Code section 12960 and California Labor section 1102.5 which prohibit harassment and retaliation against an employee for reporting serious health and safety violations. . . . Accordingly, Plaintiff's claim for wrongful termination in violation of public policy is not preempted.").

Nor does LMRA section 301 preempt IIED claims where the collective bargaining agreement "is silent on work conditions, and vague on disciplinary formalities," such that "examination or interpretation of the agreement would not help to resolve [the IIED] claim." Tellez v. Pac. Gas & Elec. Co., 817 F.2d 536, 539 (9th Cir. 1987). Here, with regard to the relevant issue of workplace safety, the apparent bargaining agreement states only that: 1) a "Safety Committee . . . shall meet once a month for purpose of reviewing general safety conditions and making recommendations"; and 2) Defendant will provide "personal safety devices" as necessary for employee safety, and "continue its practice and policy of providing a safe place of employment." (Notice of Removal, Attach. D at 18-19.) Resolving Plaintiff's IIED claim will not require any examination or interpretation of the four sentences addressing workplace safety. Plaintiff's IIED claim is therefore not preempted by LMRA section 301.

In arguing that Plaintiff's claims are preempted, Defendant makes much of Plaintiff's brief reference to uniforms not provided "in-spite of [the] union contract." (Compl. at 3.) As discussed above, the court finds that Plaintiff's claims focus primarily on state law rights to workplace safety and nondiscrimination, not any contractual right to uniforms. Further, Plaintiff clarifies in his

1  Complaint that the uniform issue involves Defendant's demand that

2  he "'come into compliance' with uniform dress code" at his own

3  expense, including "time, money, and gas." (Id. at 4.)  Thus, the

4  uniform allegations may involve independently existing state law

5  rights to reimbursement, provided by California Labor Code section

6  2802.  See Lara v. San Bernardino Steel Inc., No. CV11-1357, 2011

7  WL 4480167, at *3 (C.D. Cal. Sept. 20, 2011) (concluding that

8  plaintiffs' Labor Code claims, including section 2802, were "based

9  on rights conferred by state law" and therefore not preempted by

10 LMRA section 301.).

11      Defendant also argues that Plaintiff's allegation of a "breach

12 of the implied or express covenant of continued employment" shows

13 that his claims are contractually based.  The court disagrees.

14 Plaintiff briefly mentions this breach of an unspecified implied or

15 express covenant last on a list of reasons his termination was

16 wrongful, after alleging that his termination violated public

17 policy and FEHA.  Nor does Plaintiff expressly state any cause of

18 action for breach of contract, anywhere in the Complaint.

19 Accordingly, "it does not appear that Plaintiff[ is] actually

20 asserting any claim based on Defendant's breach of a contract

21 between the parties." Lara, 2011 WL 4480167, at *4 (reaching this

22 conclusion given a similar brief and ambiguous reference).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**III. CONCLUSION**

For all of these reasons, the court finds that Plaintiff's claims are not preempted by LMRA section 301.  Because there is no other basis for federal jurisdiction, the court DENIES Defendant's Motion to Dismiss, and REMANDS this action to California state court.


IT IS SO ORDERED.



Dated: April 24, 2012

DEAN D. PREGERSON
United States District Judge